UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------ x
KELVIN BLATCH, *et al.*,

                    Plaintiffs,

     -against-

TINO HERNANDEZ, *et al.*,

                    Defendants.
------------------------------------------------------ x

97 Civ. 3918 (LTS) (HBP)

ORDER PURSUANT TO
RULE 23(e)

WHEREAS, an amended complaint in this action dated January 28, 2000 sought declaratory and injunctive relief, and alleged that the New York City Housing Authority (the "Housing Authority") has policies that fail to take reasonable remedial measures to resolve underlying problems of tenants with mental disabilities prior to instituting termination of tenancy proceedings, fail to provide adequate procedural safeguards and fail to reasonably accommodate the needs of tenants and occupants with mental disabilities at each stage of tenancy termination from the project level to the Housing Authority's administrative hearings and in court proceedings;

WHEREAS, by decision dated December 1, 1999, the Court (Chin, U.S.D.J.) certified a plaintiff class comprised of "present, past and future tenants and/or occupants with mental disabilities who reside, resided or seek to reside in housing owned and operated by NYCHA and are, were or may be the subject of administrative grievances and/or tenancy termination proceedings and/or eviction proceedings in housing court or appeals from NYCHA's administrative determinations in State Supreme Court. In the case of past tenants and occupants

1

with mental disabilities, they are members of the class only if the proceedings against them were pending at some point within the three-year period prior to the filing of this action"; and

WHEREAS, by decision dated March 30, 2005, see *Blatch v. Hernandez*, 360 F. Supp. 2d 595 (S.D.N.Y. 2005), the Court granted partial summary judgment to plaintiffs and defendants, and determined that material issues of fact exist precluding summary judgment on other claims, and directed the parties to work with each other and with Magistrate Judge Henry Pitman to negotiate and submit a proposed permanent injunction order; and

WHEREAS the parties have negotiated a proposed settlement agreement, which is attached as Exhibit A,

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and between the plaintiffs and the Housing Authority:

1. The Housing Authority shall give notice of the terms of the proposed settlement to the plaintiff class by placing a notice, attached as Exhibit B, on the Housing Authority website on or before August 15, 2008 and in the Housing Authority Journal on or before September 5, 2008 and, on or before August 20, 2008, by sending a copy of the notice to every Housing Authority tenant who has a termination of tenancy proceeding or a remaining family member grievance currently pending.

2. The Court will hold a hearing to consider the fairness and adequacy of the proposed settlement on September 23, 2008 at 11 am in Courtroom 17C of the United States Courthouse at 500 Pearl Street, New York, New York 10007.

3. Persons who wish to present comments or objections to the settlement should do so in writing with an indication that the comments relate to Blatch v.

Hernandez,. Any written comments must be mailed so as to be received by September 12, 2008 to:

>Hon. Laura Taylor Swain
>United States District Court
>Southern District of New York
>500 Pearl Street
>New York, N.Y. 10007

Copies of any comments should be sent to the attorneys for the tenants and the attorneys for the Housing Authority listed below:

>Judith Goldiner, Esq.
>The Legal Aid Society
>Law Reform Unit – Civil Practice
>199 Water Street
>New York, NY 10038
>Attorneys for the Plaintiff Class

>Ricardo Elias Morales
>General Counsel
>New York City Housing Authority
>Steven J. Rappaport, of Counsel
>250 Broadway, 9th Floor
>New York, N.Y. 10038
>Attorneys for Defendants

4. On or before September 16, 2008, the parties will submit to the Court their responses to the comments received and their submissions in support of the fairness and adequacy of the settlement.

3

5. Any class member who wishes to make an oral statement regarding the fairness and adequacy of the settlement may appear in Court at the date and time of the fairness hearing and ask to be heard.

Dated: August 1, 2008

*[signature]*

The Legal Aid Society
Steven Banks, Attorney in Charge
Adriene Holder, Attorney in Charge Civil Practice
Scott Rosenberg, Attorney in Charge, Law Reform Unit, Civil Practice
Judith Goldiner, Supervising Attorney (JG 3602)
Robert Desir, of counsel
Lisa Sbrana, of counsel
199 Water Street
New York, NY 10038
Attorneys for the Plaintiff Class


Dated: August 1, 2008

*[signature]*

Ricardo Elias Morales
General Counsel
New York City Housing Authority
Steven J. Rappaport (SR7666),
Rosanne R. Pisem,
Alan Pelikow,
  Of Counsel.
250 Broadway, 9th Floor
New York, NY 10007
Attorneys for Defendant New York City Housing Authority

SO ORDERED:

*[signature]*

~~Laura Taylor Swain~~ Richard J. Sullivan
U.S.D.J.

Part I

4