```
USDC SDNY
DOCUMENT
ELECTRONICAL ... FILED
   ...#:
... FILED  OCT 1 0 2008
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - -x
KELVIN BLATCH, *et al.*,

            Plaintiffs,

        -against-

TINO HERNANDEZ, *et al.*,

            Defendants.
- - - - - - - - - - - - - - -x

97 Civ. 3918 (LTS)(RBP)

STIPULATION AND ORDER
OF SETTLEMENT

WHEREAS, an amended complaint in this action dated January
28, 2000 sought declaratory and injunctive relief, and alleged
that the New York City Housing Authority (the "Housing
Authority") has policies that fail to take reasonable remedial
measures to resolve underlying problems of tenants with mental
disabilities prior to instituting termination of tenancy
proceedings, fail to provide adequate procedural safeguards and
fail to reasonably accommodate the needs of tenants and occupants
with mental disabilities at each stage of tenancy termination
from the project level to the Housing Authority's administrative
hearings and in court proceedings;

WHEREAS, by decision dated December 1, 1999, the Court
(Chin, U.S.D.J.) certified a plaintiff class comprised of
"present, past and future tenants and/or occupants with mental
disabilities who reside, resided or seek to reside in housing
owned and operated by NYCHA and are, were or may be the subject

1

of administrative grievances and/or tenancy termination
proceedings and/or eviction proceedings in housing court or
appeals from NYCHA's administrative determinations in State
Supreme Court.  In the case of past tenants and occupants with
mental disabilities, they are members of the class only if the
proceedings against them were pending at some point within the
three-year period prior to the filing of this action"; and

　　　WHEREAS, by decision dated March 30, 2005, reported at 360
F. Supp. 2d 595 (Swain, U.S.D.J.), the Court granted partial
summary judgment to plaintiffs and defendants, and determined
that material issues of fact exist precluding summary judgment on
other claims, and directed the parties to work with each other
and with Magistrate Judge Henry Pitman to negotiate and submit a
proposed permanent injunction order; and

　　　WHEREAS the parties wish to resolve the remaining issues
amicably and without further litigation;

　　　NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and
between the plaintiffs and the Housing Authority:

2

## PROCEDURES

1.  The Housing Authority has established procedures,
annexed as Exhibit A and incorporated herein by reference (the
"Procedures"), that it will follow with respect to class members
who are, have been, or will be subject to Housing Authority
tenancy termination proceedings, remaining family member
grievance hearings, or Housing Court proceedings, and who are or
may be incompetent, as defined in paragraph 2.

## DEFINITION OF INCOMPETENT

2.  A tenant or grievant is incompetent if, as a result of
mental disease or defect, the tenant or grievant is unable to (1)
understand the nature of the proceedings or (2) adequately
protect and assert his/her rights and interests in the tenancy.

## TRAINING

3.  The Housing Authority will inform and train its hearing
officers, relevant attorneys, development management staff,
Social Services Department, and other appropriate personnel with
respect to the Procedures and their responsibilities thereunder.
The Housing Authority will provide plaintiffs' counsel with
copies of training materials, if any.

## STIPULATION PERIOD AND AMENDMENTS TO PROCEDURES

4.  For four (4) years from the date this stipulation is
approved by the Court pursuant to Fed. R. Civ. P. 23(e) (the
"Stipulation Period"), the Housing Authority may amend the

3

Procedures, so long as the amendments conform with applicable law, rules, and regulations, only with the prior written consent of plaintiffs' counsel or with the prior written approval of the Court. The Housing Authority will give plaintiffs' counsel prior written notice of any proposed change. Within fourteen (14) days of the receipt of such notice, plaintiffs' counsel will give written notice to the Housing Authority's counsel whether or not they object to the proposed change. If plaintiffs' counsel do not object to the proposed change, the Housing Authority may then promptly implement it. If plaintiffs' counsel object to the proposed change, the Housing Authority must make an application to the Court and have that application approved by the Court if it wishes to implement the change.

5. With the exception of paragraphs 6 and 7, any and all rights, duties, and obligations created by this Stipulation will expire at the end of the Stipulation Period.

INJUNCTIVE RELIEF

6. The Housing Authority is permanently enjoined as follows:

(a) The Housing Authority will not proceed with a termination of tenancy hearing or remaining family member grievance hearing with a resident who, as a result of mental disease or defect, is incompetent as defined in paragraph 2, unless such person is represented by a guardian appointed under

4

Article 81 of the New York Mental Hygiene Law or by an appropriate person acting as a guardian ad litem.

(b) In proceedings against residential tenants in Housing Court, when the Housing Authority appears before a housing court judge or requests a warrant of eviction in cases where there has been no prior appearance before a judge, the Housing Authority will advise the court of information in its possession indicating that the tenant may be incompetent, as defined in paragraph 2.

7.  For proceedings that were commenced in Housing Court prior to the effective date of this stipulation and are still pending or are restored to the Housing Court calendar, the Housing Authority, if it has not already done so, will advise the court of information in its possession indicating that the tenant may be incompetent as defined in paragraph 2 when the Housing Authority next appears before a housing court judge or requests a warrant of eviction.

## MONITORING

8.  During the Stipulation Period, the Housing Authority will provide to plaintiffs' counsel every three (3) months: (1) all notices of appointments of guardians ad litem which were issued during that quarter; (2) all Mental Competence Evaluation Requests and the accompanying reports and evaluations from the Social Services Department or its successor department issued during the prior quarter; and (3) all Mental Competence Court

5

Notices issued during the prior quarter.

## INDIVIDUAL RELIEF

9. Violations of the terms of the stipulation or of the
procedures will not invalidate any action taken by the Housing
Authority, nor give rise to any rights, claims, or causes of
action for individual class members, except as follows:

(a) individual class members may make applications to set
aside determinations based on hearings, defaults, or settlements
pursuant to paragraphs III.F.2 and III.F.4 of the procedures and
paragraph IV(b) of the procedures to the extent paragraph
IV(b)incorporates paragraphs III.F.2 and III.F.4 by reference,
and may bring judicial proceedings pursuant to Article 78 of the
New York Civil Practice Law and Rules to challenge:

(i) determinations denying such applications on the ground
that the tenant or remaining family member claimant was not
competent and not represented by an appropriate guardian at the
time of the hearing, the default, or the settlement and/or

(ii) determinations adopting a settlement approved by the
hearing officer in a case in which a guardian ad litem appointed
by the Housing Authority represented the class member on the
ground that the settlement was not reasonable.

(b) In bringing applications or proceedings permitted by
subparagraph (a), class members may argue in addition to any
other argument they may have, that:

6

(i) the hearing officer did not consider evidence of mental
impairment or take into account potential limitations arising
from the class member's mental impairment, or

(ii) the Law Department did not provide the hearing officer
with information in the Housing Authority's possession bearing on
whether or not the class member was competent; or

(c) individual class members may raise claims of non -
compliance with paragraph 6(a) of the stipulation in any court of
competent jurisdiction, only if the procedures outlined in
paragraphs III.F.2, III.F.3, or III.F.4 of the procedures have
been materially altered so as to no longer provide a forum for
review of these claims;

(d) individual class members may raise in any housing court
action or proceeding or any proceeding pursuant to Article 78 or
Article 81 of the CPLR a pending application pursuant to
paragraphs III.F.2, III.F.3, paragraph IV(b) to the extent
paragraph IV(b) incorporates those provisions by reference, and
paragraph V of the procedures as a basis for seeking a stay of
eviction;

(e) individual class members may argue in eviction actions
or proceedings, and any appeals of such eviction actions or
proceedings, that the Housing Authority violated paragraph V of
the procedures, or paragraphs 6(b) and (7) of this stipulation.

The Housing Authority's failure to comply with this

7

stipulation with respect to non-individual class member claims shall be enforceable pursuant to paragraph 13 of the stipulation. In any motion on behalf of the class to enforce the obligations created under this stipulation, plaintiffs may cite facts relating to individual class members.

10. The Housing Authority will pay plaintff Olga Alsaa $2000 in full satisfaction of all individual claims which she raised, or could have raised, in this action.

## ATTORNEY'S FEES

11. The Housing Authority will pay attorney's fees to plaintiffs' counsel in an amount to be determined by the parties, or, if no resolution is reached by the parties, by the Court.

## NOTICES

12. Where notices and/or copies of files are to be provided to plaintiffs' counsel under the terms of this Stipulation, they will be sent to the address indicated below, or to any updated address provided by plaintiffs' counsel:

> Judith Goldiner, Esq.
> The Legal Aid Society
> 199 Water Street, 3d floor
> New York, New York 10038

## ACTION DISCONTINUED

13. This action is discontinued with prejudice, except that (1)plaintiffs withdraw without prejudice their third cause of action insofar as it is unresolved by Judge Swain's decision with respect to summary judgment and by this Stipulation and (2)the

8

Court retains jurisdiction to enforce the obligations created
under this Stipulation.

Dated: August 1, 2008

The Legal Aid Society
Steven Banks, Attorney in Charge
Adrigne Holder, Attorney in Charge Civil Practice
Scott Rosenberg, Attorney in Charge, Law Reform Unit, Civil
Practice
Judith Goldiner, Supervising Attorney (JG 3602)
Robert Desir, of counsel
Lisa Sbrana, of counsel
199 Water Street
New York, NY 10038
Attorneys for the Plaintiff Class

Dated: August 1, 2008

Ricardo Elias Morales
General Counsel
New York City Housing Authority
Steven J. Rappaport (SR7666),
Rosanne R. Pisem,
Alan Pelikow,
Of Counsel.
250 Broadway, 9th Floor
New York, NY 10007
Attorneys for Defendant New York City Housing Authority

SO ORDERED:

10 10 2008
Laura Taylor Swain
U.S.D.J.

9